UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kyle F. Williams,                          Case No. 3:19-cv-2077

        Plaintiff

v.                                         MEMORANDUM OPINION
                                                       AND ORDER

Norfolk Southern Railway Company,

        Defendant

## I.     INTRODUCTION AND BACKGROUND

On May 15, 2017, while working for Defendant Norfolk Southern Railway Company ("NS") at its railroad yard in Elkhart, Indiana, Plaintiff Kyle Williams slipped and fell headfirst into a trench. Williams claims he fell because of the oily, unstable dirt on which he slipped, compounded by his co-worker dropping the pipe they were moving together, causing him to lose his footing. As a result of the fall, Williams suffered severe physical injuries.

Williams filed this Federal Employer's Liability Act ("FELA") action on September 10, 2019, claiming his injuries were the result of NS's negligence. (Doc. No. 1). Specifically, Williams claimed NS breached the following duties:

> a. To provide a reasonably safe place within which to work;
> b. To provide proper equipment and tools to perform the required work so that Plaintiff can exercise care for his own safety while performing the work;
> c. To keep the objects of Plaintiff's work reasonably free of defects;
> d. To provide Plaintiff with a reasonably safe work area;
> e. To provide adequate and safe methods of work as to the task assigned to Plaintiff;
> f. To provide proper inspection and evaluation as to safety requirements of the work to be performed before it is performed;
> g. To adequately and safely supervise the operation of work which was being performed;

> h. To provide proper job safety briefings before the performance of the job;
> i. To provide proper inspection of the equipment to be used by Plaintiff for defects;
> j. To provide adequate staffing and manpower in order to safely complete the work;
> k. To warn Plaintiff of any unsafe work activities and/or conditions;
> l. To promptly correct any unsafe work conditions and/or activities; and,
> m. To provide proper and appropriate medical assistance when an employee is injured on the job.

(*Id.* at 3-4). Williams also asserts NS was "vicariously and directly liable for the actions of Plaintiff's co-workers in negligently dropping the tube and designing and performing the task in an unsafe and negligent manner." (*Id.* at 4).

In response to the Complaint, NS filed a Rule 12(b)(2) motion to dismiss. (Doc. No. 5). In it, NS argues this court lacks both general and specific personal jurisdiction to hear this case "[b]ecause the events giving rise to plaintiff's alleged claim against NS did not occur in Ohio and because NS is neither incorporated nor has its principal place of business in Ohio." (*Id.* at 2).

Williams concedes this court lacks general personal jurisdiction but asserts the court does have specific personal jurisdiction over NS in this case. (Doc. No. 8 at 6-7). In support, Williams cites allegations made in his initial Complaint. (*Id.*). Williams also moved to amend the Complaint to add the following duty NS allegedly breached:

> n. To provide adequate and proper training to Plaintiff for him to do his work tasks safely.

(Doc. No. 7-1 at 5). Williams does not state any additional facts regarding his allegedly deficient training.

## II. STANDARD

The plaintiff must establish the district court has jurisdiction over the defendant. *Neogen Corp. v. NEO Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). "When… a district court rules on a jurisdictional motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). As

such, the plaintiff "need only make a prima facie showing of jurisdiction." *Id.* He can do so "by 'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Neogen Corp.*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

While "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend should be denied as futile if the proposed amendment would not withstand a motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) (applying this principle to a Rule 12(b)(6) motion to dismiss).

### III. DISCUSSION

"[I]n order for an Ohio court to have jurisdiction over a non-resident defendant, the defendant must be (1) subject to long-arm jurisdiction under one of the enumerated bases of jurisdiction in Ohio's long-arm statute *and* (2) jurisdiction must accord with Due Process." *Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012). Under the Ohio long-arm statute,

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state; [or]
> …
> (3) Causing tortious injury by an act or omission in this state[.]

O.R.C. § 2307.382(A)(1). Williams argues NS is subject to jurisdiction under these two enumerated bases. (Doc. Nos. 7 & 8).

### A. Section (A)(1)

To support his argument that this court may exercise personal jurisdiction over NS under Section (A)(1), Williams cites the following: 1) NS invited him to attend a hiring event in Ohio; 2) after attending this Ohio hiring event, NS hired Williams in Ohio for an Ohio NS position; 3) Williams completed all the hiring paperwork and contracts for this Ohio position in Ohio; 4) Williams was trained for this Ohio position, in part, during an on-the-job training program in Ohio;

3

5) Williams's direct supervisor, who authorized his pay and approved his timesheets, was located in Ohio; and 6) Williams receives all of his NS paychecks and benefits in Ohio. (Doc. No. 8-1 at 2-3).

Assuming these are considered transacting business in Ohio for purposes of Section (A)(1), Williams must also show his FELA cause of action arose from this conduct. *See Brunner v. Hampson*, 441 F.3d 457, 464-65 (6th Cir. 2006). To do so, Williams must show "a 'proximate cause' relationship between [his] personal injury claim and [NS]'s conduct in Ohio." *Id.* at 466. That is, Williams must show his FELA cause of action was "the natural and probable consequence" of NS's Ohio conduct. *See Ross v. Nutt*, 203 N.E.2d 118,120 (Ohio 1964) (defining proximate cause). "But for" causation is not enough. *Id.* at 465-66.

Here, Williams argues the requisite causal relationship exists because a FELA cause of action cannot be asserted without the employer-employee relationship, which in this case is centered in Ohio. (Doc. No. 8 at 8-9 (citing 45 U.S.C. § 51 & *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 672 (6th Cir. 2010))). Essentially, Williams asserts but for NS's employment of Williams in Ohio, he would not be able to bring this FELA action for his injury in Indiana. While this may be true, the causal relationship is too tenuous to fall within the reach of Ohio's long-arm statute.

Instead, what matters here is whether Williams's injury, from which this FELA claim ultimately arose, was the "natural and probable consequence" of NS's transacting business in Ohio. Williams alleges his injury was caused by the conditions of the Indiana worksite and the negligence of his co-worker in Indiana. Williams does not state any facts to suggest these causes of his injury were related in any way to NS transacting business in Ohio. Without such facts, I cannot conclude Williams's FELA cause of action arose from NS transacting business in Ohio. Therefore, I may not exercise personal jurisdiction over NS under Section (A)(1) of the Ohio long-arm statute.

4

**B.     Section (A)(3)**

In the Proposed First Amended Complaint, Williams alleges NS breached its duty "[t]o provide adequate and proper training to Plaintiff for him to do his work tasks safely." (Doc. No. 7-1 at 5). He cites this allegation along with his declaration that he completed "a six month on-the-job training program in Sandusky, Ohio," (Doc. No. 8-1 at 3), to support his argument that NS "cause[d] tortious injury by an act" in Ohio, which gave rise to Williams's cause of action. (Doc. No. 7 at 2-3; Doc. No. 8 at 9).

But Williams fails to state facts to connect any allegedly deficient training received in Ohio to the incident causing his injury. That is, Williams does not allege his own actions resulting from deficient training in Ohio caused him to fall. Again, Williams claims his fall and resulting injury were caused by the conditions of the Indiana worksite and his co-worker's negligence. (Doc. No. 7-1 at 3-4). Because Williams does not state facts to suggest his cause of action arose from any allegedly deficient Ohio training, NS is not subject to personal jurisdiction under Section (A)(3) of the Ohio long-arm statute.

### IV.     CONCLUSION

As discussed above, Williams has not met his burden of showing NS is subject to Ohio long-arm personal jurisdiction. Therefore, I need not perform the Due Process analysis. Instead, I hereby grant NS's motion to dismiss this case for lack of personal jurisdiction. (Doc. No. 5). Further, because the Proposed Amended Complaint would be subject to dismissal for lack of personal jurisdiction as well, I deny the motion to amend as futile. (Doc. No. 7).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge